FILED

2026 Aug-07  PM 03:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY SAUNDERS WALKER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:24-cv-1350-EGL |
| | ) | |
| LARRY D. HOLIFIELD et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Tiffany Walker and Thomas Milliner filed this action against Larry Holifield and Tennessee Commercial Warehouse LLC (TCW) in the Circuit Court of Jefferson County, Alabama, for various claims arising from a motor-vehicle collision. *See* Doc. 1. Defendants removed the case to this Court and now move for summary judgment on all of Plaintiffs' claims. *See id.*; Doc. 25. Defendants' Motion for Summary Judgment (Doc. 25) **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

This case arises from a motor-vehicle collision that occurred on July 7, 2023, at the intersection of 1st Avenue South and 41st Street South in Birmingham, Alabama. Doc. 25-2 at 1; Doc. 30 at 3. Walker and Milliner were traveling on 1st Avenue South in a sedan driven by Walker. Doc. 25-2 at 2. Walker stated that she stopped at the stop sign governing her direction of travel and intended to proceed

straight through the intersection. *Id.*; Doc. 24-4 at 77. Because she could not see approaching traffic, she pulled forward from the stop sign. *Id.* at 78.

Meanwhile, Holifield was driving a tractor-trailer on 41st Street South and reached the intersection at 1st Avenue South. Doc. 25-2 at 3; Doc. 30 at 3. Holifield did not have a stop sign, and he signaled and attempted a "buttonhook left turn" from the center lane. Doc. 25-2 at 3-4; Doc. 30 at 3. Holifield explained that he used the center lane because 1st Avenue South was narrow and a light pole near the corner restricted the space available to complete the turn. Doc. 29-1 at 64-65, 67-68. The light pole appeared to have been struck previously. *Id.* at 64. Holifield believed that turning from the center lane would provide additional clearance for the tractor-trailer, and he expressed concern about stopping on or beyond the railroad tracks located before the intersection. *Id.* at 64-65, 78.

Before executing the turn, Holifield could see Walker's vehicle beyond the stop bar, but he "felt like [the turn] was doable." *Id.* at 110. As Holifield turned, the left rear portion of the trailer struck the left front of Walker's vehicle. Doc. 25-2 at 9; Doc. 30 at 3. Walker stated that she was "laying on the horn" while Holifield was turning, but that he "kept going" and struck her vehicle. Doc. 24-4 at 78.

Plaintiffs assert claims against Holifield for negligence and wantonness and seek to hold TCW vicariously liable for his conduct. *See generally* Doc. 1-1. They also assert direct claims against TCW for negligent hiring, training, retention, and

supervision and negligent entrustment. *Id.* Defendants move for summary judgment on all claims. Doc. 25.

## STANDARD

Summary judgment is appropriate when the facts, supported by the record and taken in the light most favorable to the nonmovant, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And one is "material" if it is an element of the underlying claim that might affect the case's outcome. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The movant bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The movant may discharge its burden by pointing out to the district court that there is no evidence supporting an essential element of the nonmovant's case. *Id.* at 325. The district court must view the evidence and all factual inferences in the light most favorable to the nonmovant. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant has adequately supported its motion, the nonmovant then must show that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the record evidence would not permit a rational trier of

fact to find for the nonmovant, then there is no genuine dispute for trial. *Id.* All reasonable doubts, however, are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## ANALYSIS

Plaintiffs concede that Defendants are entitled to summary judgment on their claims for wantonness; negligent hiring, training, retention, and supervision; and negligent entrustment. Doc. 30 at 2. The Court therefore **GRANTS** Defendants' motion as to those claims. Thus, Plaintiffs' negligence claim alone remains contested.

Defendants argue that Walker's conduct was the sole proximate cause of the collision and that her contributory negligence bars recovery. Under Alabama law, proximate cause is an act or omission that, in a natural and continuous sequence, produces an injury and without which the injury would not have occurred. *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994). A defendant's negligence need not be the sole cause; separate acts may concur to produce an injury. *Id.*; *Marshall Cnty. v. Uptain*, 409 So. 2d 423, 426 (Ala. 1981). Proximate cause ordinarily presents a jury question. *Garner v. Covington Cnty.*, 624 So. 2d 1346, 1349 (Ala. 1993).

Contributory negligence is a complete defense under Alabama law. *Hawkins v. Simmons*, 295 So. 3d 683, 688 (Ala. Civ. App. 2019). To establish contributory negligence as a matter of law, Defendants must show that Walker placed herself in

danger's way and consciously appreciated the danger at the moment the incident occurred. *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So. 2d 839, 860-61 (Ala. 2002). Because contributory negligence is ordinarily a jury question, summary judgment is appropriate only when all reasonable persons would reach the same conclusion from the evidence. *Cf. Savage Indus., Inc. v. Duke*, 598 So. 2d 856, 859 (Ala. 1992).

Defendants rely on accident-reconstruction expert Noel Manuel's opinion that the collision would not have occurred had Walker stopped further west on the roadway. Doc. 25-2 at 13; Doc. 24-1 at 42-43. They argue that Walker was required by law to stop further west, and that her failure to do so caused the collision. Doc. 25-2 at 13-17. But neither Walker's legally required stopping point nor the position and movement of her vehicle at impact is conclusively established.

Alabama's stop-sign statute requires a driver to stop at a clearly marked stop line. ALA. CODE § 32-5A-112(b). If none exists, the driver must stop before entering a crosswalk or, if there is no crosswalk, "at the point nearest the intersecting roadway where the driver has a view of approaching traffic." *Id.* The physical stop sign therefore does not necessarily mark the required stopping point.

Whether a clearly visible stop line existed is disputed. Manuel declined to offer an opinion about how conspicuous the stop bar was on the date of the collision and testified only that it once had extended across the roadway. Doc. 29-5 at 52, 59-

5

60. Holifield likewise said that he "couldn't hardly see it that good." Doc. 29-1 at 111. Walker stated that she stopped at the sign and then moved forward. Doc. 24-4 at 76-80. Her position beyond the physical sign or the location of a faded stop bar thus does not, standing alone, establish a violation of § 32-5A-112(b).

Walker's location and movement at impact are similarly unclear. Alabama law defines the relevant intersection boundary by the projected lateral curb lines of the intersecting roadways. ALA. CODE § 32-1-1.1(29)(a). Walker variously placed the impact just beyond the stop sign and within the intersection, Doc. 24-4 at 80-81, while Milliner stated that Walker's vehicle had not entered the intersection, Doc. 29-3 at 19-20. Figure 14 of Manuel's report, which Manuel testified depicts the vehicles at impact, appears to place Plaintiffs' vehicle beyond the asserted stop mark but short of the intersection boundary. Doc. 29-5 at 54, 122. If accurate, that position is potentially consistent with Walker having advanced to obtain a view of approaching traffic without entering the intersection.

The accounts of the vehicle's movement also conflict. Walker denied backing up before impact and states she did so afterwards to avoid becoming trapped beneath the tractor-trailer, Doc. 24-4 at 80-83; Holifield could not say with certainty which direction Walker's vehicle was moving, Doc. 29-1 at 81-82, 106-07; and Manuel observed nothing from the available video footage suggesting that Walker moved forward after coming to a complete stop, Doc. 24-1 at 52. Resolving those conflicts

6

would require weighing the evidence and making credibility determinations, which the Court may not do at this stage.

The record also contains evidence from which a reasonable juror could find that Holifield failed to exercise reasonable care.[1] Holifield knew before turning that Walker's vehicle had passed the stop bar but proceeded because he believed the trailer would clear it. Doc. 29-1 at 110. Although he maintained that nothing within his control could have prevented the collision, he acknowledged that he could have waited for Walker to clear the intersection, attempted an "extreme buttonhook," or taken another route. *Id.* at 69-70, 75-78, 93. Manuel's opinion that the center-lane maneuver provided greater clearance, Doc. 24-1 at 44-45, may support Holifield's chosen turning method, but it does not resolve whether he should have initiated or continued the turn under the circumstances.

Walker's testimony that she sounded her horn while Holifield continued turning, Doc. 24-4 at 78, also bears on that question. It does not conclusively establish that Holifield heard the warning in time to avoid impact. Nor does it establish Walker's contributory negligence as a matter of law. Although it may show she appreciated the danger before impact, it does not establish that she failed to

---

[1] Plaintiffs also point to TCW's post-accident classification of the collision as preventable. *See* Doc. 30 at 7. Because the other evidence in the record independently creates a genuine dispute of material fact as to negligence and causation, the Court need not determine at this stage what weight, if any, that internal classification should receive.

exercise reasonable care after doing so. Her attempt to warn Holifield, together with the disputed evidence concerning her vehicle's position and movement, precludes that conclusion at summary judgment.

The parties' competing statutory arguments do not eliminate these disputes. Alabama Code § 32-5A-130(2) generally requires a driver intending to turn left to approach the turn from the extreme left-hand lane lawfully available, and § 32-5A-133(a) prohibits a turn unless it can be made with reasonable safety. Plaintiffs contend that Holifield violated those provisions, Doc. 30 at 9, while Defendants in turn accuse Walker of violating the stop-sign statute, Doc. 25-2 at 15-16. Given the disputed evidence, the Court need not decide at this stage whether any such law was violated, or what effect those violations may have.

Walker's conduct therefore has not been shown to be the sole proximate cause of the collision or contributorily negligent as a matter of law. Defendants' motion is therefore due to be denied as to Plaintiffs' negligence claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Plaintiffs' claims for wantonness; negligent hiring, training, retention, and

supervision; and negligent entrustment. The motion is **DENIED** as to Plaintiffs'

negligence claim. The Court will set this matter for trial by separate order.

**DONE** and **ORDERED** this 7th day of August, 2026.

**EDMUND G. LACOUR JR.**
UNITED STATES DISTRICT JUDGE